Wheeler, J.
It is a sufficient answer to the first branch of the argument of the counsel for the appellant that there was no evidence which tended in any degree to inculpate the defendant in tlie commission of a felony. It is unnecessary, therefore, to consider the question whether the common-law doctrine, that where a felony has been committed it will merge tlie civil action, is applicable here to tlie felonious homicide of a slave. Although there are cases in other States of the Union in which the contrary appears to have been held, yet we incline to think the better opinion is that it is not applicable. It is unnecessary, however, at present to decide that question.
The argument assumes that any improper treatment of a character to attach liability to tiie defendant, and which may have resulted in the death of the negro, must of necessity amount to a felonious homicide. This, I apprehend, is a mistake. There may have been such a want of proper care and diligence, or even of humane conduct in the treatment of the negro, as would render *5 tho hirer responsible to the owner in case of her loss by death, without the commission of a felony or even a willful trespass.
Note 1. — Mims v. Mitchell, 1 T., 443 ; Sims & Smith v. Chance, 7 T., 561; Mills v. Ashe, 16 T., 295; Hobinson.-y. Varnell, 16 T., 382; Willis v. Harris, 26 T., 136; Browne v. Johnson, 29 T., 40.
Tiie evidence relied on to show a want of humane and proper treatment iiad reference solely to the conduct of tiie overseer of tiie defendant while the negro was iu the service of the latter. And tiie general rule is that tho principal is responsible civilly for tiie acts of his agent, but not criminally, unless done under his express authority. The principal is responsible for tiie negligent, but not, in general, for the criminal conduct of his agent. There was no evidence of any act which would amount to a crime or a willful trespass on the part of either principal or agent.
The questions which the jury wore required to decide under tho evidence in the case were, whether the treatment of the neg'ro had been such as a prudent and humane master would observe towards his own slave, and whether tho loss of the negro liad been occasioned by the want of ordinary care and diligence on the part of tiie defendant.
There is little doubt that the negro came to her death while on her way from the residence of the defendant to that of the plaintiff, some miles distant, whither she had been directed to be sent by tiie defendant; but from what canse does not, with certainty, appear; whether in consequence of tiie negligence or fault of tiie defendant was to be determined by the jury from tiie facts disclosed in evidence. Tiie questions of fact appear to have been fairly submitted to them under the charge of the court. Tiie evidence would, perhaps, have warranted a conclusion different from that drawn by the jury. But it admitted of either one of two, and it was for them to weigh the evidence, and deduce that conclusion which seemed to them most reasonable and probable from the facts in evidence before them. It cauuot be said that the couclusiou they did so deduce was contrary to evidence. And we do not think tiie present, a ease in which, especially alter a second finding for tiie plaintiff, we are authorized to disturb the verdict, though tiie evidence he not of ail entirely satisfactory character.
The judgment is therefore affirmed.
Judgment affirmed.